UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION


JOSEPH GRANGER                     :           DOCKET NO. 17-cv-950
    DOC # 307828                              SECTION P

VERSUS                             :           JUDGE TRIMBLE


GEO GROUP, INC.; ET AL.            :           MAGISTRATE JUDGE KAY


<u>REPORT AND RECOMMENDATION</u>


Before the court is a civil rights complaint [doc. 1] filed pursuant to 42 U.S.C. § 1983 by Joseph Granger, who is proceeding *pro se* and *in forma pauperis* in this matter. At the time he filed this action, Granger was an inmate in the custody of the Louisiana Department of Public Safety and Corrections and was incarcerated at Raymond Laborde Correctional Center in Cottonport, Louisiana. He complains of events that occurred at Allen Correction Center ("ACC") in Kinder, Louisiana. However, it appears that he has since been released from custody. *See* doc. 8.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For reasons stated below, **IT IS RECOMMENDED** that the complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

I.
BACKGROUND

Granger alleges that, while he was attending a church service at ACC on June 4, 2016, a ceiling tile fell from a height of approximately twelve feet and struck him in the back of the neck, causing him injury and impairment. Doc. 1, att. 2, p. 1. He asserts that, eleven months prior to his

injury, a visitor to ACC was also struck by a falling ceiling tile but that nothing was done to remedy the problem. *Id.* at 2–3. Accordingly, he now brings claims against ACC and prison operator GEO Group, Inc., seeking monetary relief under state tort law. *Id.* at 3–8.

## II.
### LAW & ANALYSIS

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus the initial question is whether the plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim that would entitle plaintiff to relief. In order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988).

Here Granger does not allege that any constitutional right has been violated. Accordingly, he fails to state a claim under § 1983. Instead, his claims are explicitly raised under state tort law. He provides no basis for this court's jurisdiction over such claims, and after reviewing the complaint and attachments we cannot find one either. Accordingly, this matter should be dismissed without prejudice for lack of subject matter jurisdiction. If Granger wishes, he may pursue these claims in state court.

## III.
### CONCLUSION

For reasons stated above, **IT IS RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 28th day of December, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE